FLANAGAN v. NEWMAN ET AL.

1. EXECUTION—LEVY—PROPERTY IN CUSTODIA LEGIS.
It seems that when an officer has levied upon property, another officer may not interfere with his possession, because the property is in *custodia legis.*

2. SAME.
When an officer by a custodian is in possession of property under a valid and sufficient levy of his writ, another officer is without right to dispossess that custodian, assume control of the property and put another custodian in charge.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN T. BOTTOM, for appellant.

Messrs. ROGERS, CUTHBERT & ELLIS, for appellees.

BISSELL, P. J., delivered the opinion of the court.

The claim made by two constables to a stock of goods under levies which they respectively asserted gave rise to this suit. The question is one of fact, and the right of the appellant, Flanagan, to maintain this replevin suit rests entirely upon the circumstances of his levy. In January, 1892, an attachment was issued out of a justice's court in the case of Bodwell, McCann & Company against E. McCann, and placed in the hands of Gravett, a special constable, for service. Gravett made his levy on the 13th and took possession

of the stock.   Subsequently, another suit was brought before
another justice by Cornforth & Company against McCann,
and therein the writ of attachment was given to the appellee,
Newman, for levy and service.   Newman went to the store
with one Johnson, who seems to have been a representative
of Cornforth & Company.   When he arrived he found Gra-
vett in possession, and thereupon Gravett and Newman ar-
ranged the matter of the custody of the stock.   Gravett had
with him no custodian, and it was suggested by Newman
that his man Johnson be put in to hold for the parties.   To
this Gravett assented, and both the special constable and
Newman turned their papers and the property over to John-
son for safe-keeping.   Respecting the character and validity
of the levy made by Gravett, and the regularity and right-
fulness of his possession, there is no dispute.   At the time
Johnson was put in charge, he stated to Gravett that his
parties would pay off the Bodwell claim.   To this Gravett
assented and relinquished his possession, and Newman then
took the stock under a levy which he could rightfully make.
As a matter of fact this claim of Bodwell, McCann & Com-
pany was paid off and the suit dismissed, and Newman's
custodian remained in the possession which he took when
Newman went there with him for the purposes of a levy.
After these attachments were in the hands of the officers and
after the levy had been made, attachments were issued from
other justices' courts in several cases, which, for convenience,
may be designated as the " Ziegler Cases."   These writs
were given to Flanagan for levy and service.   When Flan-
agan went to make his levy, he found the store in Johnson's
possession, and he thereupon delivered his writs to him.
Johnson thus held the property for the benefit of the several
parties as their rights should exist under these successive
levies.   After the dismissal of the Bodwell-McCann suit, and
while the property was in the possession of Newman's custo-
dian, Flanagan went to the premises and assumed to deter-
mine as a matter of law that what Newman had done with
respect to the matter constituted no levy and the custodian

was not rightfully in possession.  He thereupon ejected him, put his custodian in, and attempted to assert a right prior to all the antecedent attachments, on the theory that he had made the only legitimate and rightful levy.  He left one Parsons in charge of the property, and when Newman went up the ensuing morning to ascertain the condition of affairs Parsons attempted to keep him out.  Newman ejected him and resumed possession.  Subsequently Flanagan brought replevin against Newman to recover the property.

It is manifestly true that Flanagan could only maintain his suit on the theory that he had been wrongfully ousted by Newman.  The resolution of this inquiry is one of fact, and is to be determined by finding out whether Newman was really in possession under a legitimate levy.  It may be conceded, according to the earnest contention of counsel, that when one officer has levied on property another may not attempt to interfere with it, because it is in *custodia legis*. If it should be found that Flanagan held the goods after a legitimate levy, made at a time when the property was not under the control of another officer, Newman could not interfere with them and put Flanagan's custodian out.  The court below held the proof to show the facts to be otherwise, and we quite concur with the court in that conclusion.  It is our judgment that Newman was in possession by his custodian after a valid and sufficient levy of his writ upon the property, and that Flanagan was without right to dispossess that custodian, assume control of the property, and put another in charge of it.  What he did was wrongful and illegal, and gave him no such right as will enable him to maintain replevin.

The court so found, directed the jury to find a verdict for the appellee Newman, and since this conclusion entirely accords with our views of the case, the judgment entered upon that direction will be affirmed.

*Affirmed.*